Mr. Brooks? Mr. Brooks? Trouble Lane, Your Honor. Oh, I'm sorry, Mr. Trouble Lane, that's right. As you know, the underlying case has been settled, and it would appear that the order could be deemed moot and vacated on that basis. I'd like you to understand we have read the record in this case, and if we do, as we planned, vacate the order, you should not take that as meaning that the court was not, as the district court was, concerned about some of the conduct. We do think, however, under all the circumstances, and we did read your statements to the district court, and, you know, we believe they are sincere, and we hope that you would learn a lesson about improving the conduct the district court referred to. But we think a reasonable disposition given the settlement would be to deem the issue moot and to vacate the district court order. As long as you understand, we're not doing it on the merits of the case, but we think it is a reasonable disposition given all the circumstances. As a result of that, there's no need for you to say anything. Usually you can only get in trouble after you say things when an order you want to vacate is being vacated. But I hope you understand it's being vacated not on the merits, but because of the procedural posture of the case. Very good. Thank you, Your Honor. I won't make any comments then. Very good. Okay. Thank you. Next case on the calendar is United States v. Mislay.
judges: Whaley, Nelson D. W., Reinhardt